**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**LAUREN JACOB**                                        **CIVIL ACTION**


**VERSUS**                                              **NO: 16-17666**


**UNUM LIFE INSURANCE**                                 **SECTION: "H"(3)**
**COMPANY OF AMERICA**



## ORDER AND REASONS

Before the Court are cross motions for summary judgment: Plaintiff's Motion for Summary Judgment Regarding Choice of Law and Retroactivity of Law (Doc. 7), and Defendant's Motion for Summary Judgment to Determine Standard of Review for Matters of Plan Interpretation (Doc. 11). For the following reasons, Plaintiff's Motion is GRANTED and Defendant's Motion is DENIED.


## BACKGROUND

This case arises from the denial of disability benefits. Plaintiff Lauren Jacob alleges that she became disabled on January 8, 2014 while employed by

Apache Corporation.[1] At that time, it is undisputed that Apache Corporation held a long-term disability insurance policy ("the Plan") issued by Defendant Unum Life Insurance Company of America ("Unum") and covering Plaintiff.[2] Defendant denied Plaintiff's claim for disability benefits, making a factual determination that Plaintiff was not disabled.[3] Plaintiff disputes that determination and alleges that Defendant did not pay her the benefits she was entitled to under the Plan. Plaintiff now seeks past underpayment, a declaration of her rights under the Plan, and costs and fees associated with the action. Defendant argues that Plaintiff failed to establish that she was entitled to disability benefits under the Plan, and that in any event Defendant did not abuse its discretion in denying Plaintiff benefits.[4]

The Plan first became effective on March 1, 1997.[5] The Plan was altered by Amendment Number 13, effective January 1, 2014.[6] Amendment 13 states that, "[t]he entire policy is replaced by the policy attached to this amendment," but is otherwise silent as to the specific changes it enacted.[7] The parties do not dispute that the version of the Plan attached to Amendment Number 13 is the one that controls in this case.[8]

The parties stipulate that the Plan is governed by ERISA, that ERISA preempts all state-law claims related to the Plan, and that the Plan contains a clause purporting to grant Defendant discretionary authority to determine

---

[1] Doc. 1.
[2] Doc. 11-1 at 1.
[3] Doc. 11-1 at 1.
[4] Doc. 4.
[5] Doc. 15 at 2.
[6] Doc. 15 at 1. The Amendment indicates that it was "dated" on April 1, 2015, and requires Apache Corporation to reject the proposed amendment within 90 days of April 1, 2015 if it chooses. Doc. 15 at 1. The parties do not suggest this has any impact on the issues presented in these motions.
[7] Doc. 15 at 1.
[8] See Docs. 7-1 at 6, 11-1 at 2.

eligibility for benefits and construe provisions of the Plan.[9] Under *Metropolitan Life Insurance Co. v. Glenn*, when a policy includes such a clause, the determinations of the policy administrator are reviewed by courts under an abuse of discretion standard.[10] Further, the parties agree that the law of the Fifth Circuit requires courts to review factual determinations made by an ERISA claims administrator under an abuse of discretion standard regardless of whether the policy contains a discretionary clause.[11] The parties also agree that Texas law governs the Plan to the extent that it is not preempted by ERISA.

The parties disagree as to the standard of review applicable to determinations made by the Plan administrator interpreting provisions of the Plan. Plaintiff points to Texas laws forbidding the use of policy forms that contain discretionary clauses. Plaintiff moves for summary judgment that the Texas laws apply and that this Court will review interpretations of the Plan by its administrator de novo. Defendants argue that the Texas laws do not apply to the Plan and move for summary judgment that this Court will apply an abuse of discretion standard when reviewing decisions of the Plan administrator interpreting the Plan's provisions.

## LEGAL STANDARD

Summary judgment is appropriate if "the record, including depositions, documents, electronically stored information, affidavits or declarations,

---

[9] Doc. 10.

[10] Metro. Life Ins. Co. v. Glenn, 554 U.S. 105, 108 (2008); *see also* Conkright v. Frommert, 559 U.S. 506, 512 (2010) (reaffirming the abuse of discretion standard).

[11] Doc. 10. That rule is unique to the Fifth Circuit, and on July 10, 2017, after the submission of these motions and memoranda, the Fifth Circuit agreed to hear en banc a case challenging the precedent. *See* Ariana M. v. Humana Health Plan of Texas, Inc., 869 F.3d 354, 355 (5th Cir. 2017).

stipulations. . . , admissions, interrogatory answers, or other materials" "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[12] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[13]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[14] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[15] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[16] "In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial."[17] The Court does "not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[18] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[19]

---

[12] Fed. R. Civ. P. 56 (2012).

[13] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

[14] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997).

[15] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).

[16] Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

[17] Johnson v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[18] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 393–94 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).

[19] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

Two provisions of Texas law prohibit the use of discretionary clauses like the one in the Plan at issue here. The first is a set of regulations ("Subchapter M") promulgated by the Texas Commissioner of Insurance that took effect on December 23, 2010.[20] Section 3.1203 of Title 28 of the Texas Administrative Code forbids the use of an insurance form that includes a discretionary clause.[21] Section 3.1201 establishes the effective date of that prohibition by stating,

> For forms issued or delivered prior to the effective date
> of this subchapter that do not contain a renewal date,
> this subchapter applies on or after the effective date of
> any rate increase applicable to the form or any change,
> modification, or amendment of the form occurring on
> or after June 1, 2011.[22]

The second is a statute, Section 1701.062 of the Texas Insurance Code, that took effect June 17, 2011.[23] It states that "[a]n insurer may not use a [policy or endorsement] in this state if the document contains a discretionary clause."[24] The chapter elsewhere states that, "'use' includes issue and deliver."[25]

Plaintiff argues that § 3.1203 and § 1701.062 apply to the Plan and void its discretionary clause even though the Plan first became effective before the prohibitions because Amendment Number 13, which replaced the Plan with an attachment, created a new policy with an effective date of January 1, 2014. Plaintiff also argues that Defendant has failed to produce evidence that the

---

[20] *See* 28 Tex. Admin. Code §§ 3.1201–03 (2017).
[21] *Id.* § 3.1203.
[22] *Id.* § 3.1201(d).
[23] Tex. Ins. Code § 1701.062 (2017).
[24] *Id.*
[25] *Id.* § 1701.001.

discretionary clause existed in the policy prior to the effective date of the prohibitions, as the only copy of the policy submitted is the Amendment Number 13 version from 2014.[26]

Defendant argues that the Plan has been in continuous effect since its inception in 1997 and therefore is not subject to either § 3.1203 or § 1701.062 which forbid only the issuance of new policies containing a discretionary clause. To the extent that § 3.1203 attempts to apply to plans that are merely amended after § 3.1203 became effective, Defendant argues that the regulation exceeds the Commissioner of Insurance's statutory authority and directly conflicts with the more limited § 1701.062.

The plain language of § 3.1201 makes the prohibition on discretionary clauses contained in § 3.1203 applicable to the Plan here. The Plan is a form that was issued or delivered prior to the effective date of the section's subchapter and does not contain a renewal date. Therefore the prohibition on discretionary clauses applies on the "effective date of . . . any change, modification, or amendment of the form occurring on or after June 1, 2011."[27] Amendment Number 13 is at the very least an amendment to the Plan that occurred after June 1, 2011 and so triggered the application of § 3.1203 to the Plan.[28] Unless that regulation is invalid, the Plan's discretionary clause is void.

---

[26] The Court agrees that Defendant has cited to no evidence showing that the discretionary clause existed in the Plan before Amendment Number 13, but because the Court finds that Subchapter M is valid and applies to the Plan, the Court need not decide the impact of that deficiency on these Motions.

[27] 28 Tex. Admin. Code § 3.1201(d).

[28] This fact also distinguishes this case from both *McClenahan v. Metro. Life Ins. Co.*, 416 F. App'x 693, 695–96 (10th Cir. 2011), and *Stephan v. Unum Life Ins. Co. of Am.*, 697 F.3d 917, 925–26 (9th Cir. 2012). In addition to carrying no authoritative weight, neither of those cases considered the validity of a law that applies to existing plans only if they are amended after the law was enacted, as is the case here. *See Stephan*, 697 F.3d at 925–26 (finding that a renewed plan was not a new plan under a settlement agreement in which the insurance company agreed not to use discretionary clauses in any new policies);

Texas "[c]ourts generally presume that agency rules are valid."[29] The party challenging a rule bears the burden to "show that the rule's provisions are not in harmony with the objectives of the act involved."[30] Courts look to the plain text of the statutes granting or restricting the agency's authority, examining the whole act rather than a single section.[31] "Generally then, the objecting party must show that the rule: (1) contravenes specific statutory language; (2) runs counter to the general objectives of the statute; or (3) imposes additional burdens, conditions, or restrictions in excess of or inconsistent with the relevant statutory provisions."[32]

Defendant first argues that the Texas Commissioner of Insurance did not have the statutory authority to enact Subchapter M at all. Defendant cites to Texas Insurance Code § 1701.060, which allows the Commissioner to "adopt . . . rules that establish procedures and criteria under which: (1) each type of form submitted to the department under this chapter will be reviewed and approved by the commissioner."[33] Defendant argues that Subchapter M goes beyond establishing procedures under which insurance forms will be reviewed, as authorized by § 1701.060, and instead makes substantive rules affecting the rights of parties to an insurance contract. However, the Court need not decide the extent of authority granted by § 1701.060 because other statutes authorize the Commissioner to adopt Subchapter M.[34]

---

[29] *McClenahan*, 416 F. App'x at 695–96 (holding that a statute requiring de novo review of all disability benefit cases could not apply to a policy issued before the law took effect).
[29] Texas State Bd. of Examiners of Marriage & Family Therapists v. Texas Med. Ass'n, 511 S.W.3d 28, 33 (Tex. 2017).
[30] *Id.* (quotations omitted).
[31] *See id.*; Williams v. Texas State Bd. of Orthotics & Prosthetics, 150 S.W.3d 563, 568 (Tex. App. 2004).
[32] *Texas State Bd. of Examiners of Marriage & Family Therapists*, 511 S.W.3d at 33.
[33] Tex. Ins. Code § 1701.060.
[34] *See* 35 Tex. Reg. 11259 (Dec. 17, 2010) (detailing the authority under which the Commissioner promulgated the anti-discretionary clause rule).

The Texas Insurance Code grants the Commissioner broad authority to "adopt any rules necessary and appropriate to implement the powers and duties of the department under this code."[35] Chapter 541 of the Insurance Code specifically prohibits insurance companies from engaging in unfair or deceptive practices and authorizes the Commissioner to "adopt and enforce reasonable rules the commissioner determines necessary to accomplish the purposes of this chapter."[36] The Legislature indicated that Chapter 541 should be construed liberally to give effect to its purpose.[37] In adopting § 3.1203, the Commissioner explicitly found that, "Discretionary clauses are unjust, encourage misrepresentation, and are deceptive because they mislead consumers regarding the terms of the coverage."[38] The Commissioner was therefore authorized by § 541.401 and § 36.001 to prohibit their use, and did not exceed his statutory authority in enacting § 3.1203.

Defendant next argues that the portion of § 3.1201 that purports to apply to previously-issued policies when they are amended after the regulation's effective date is invalid because it conflicts with the later-enacted and more limited statute, § 1701.062. That law became effective on June 17, 2011 and forbids an insurance company to "use" a document with a discretionary clause.[39] The chapter elsewhere specifies that, "'use' includes issue and deliver," and Defendant argues that the absence of "amends" supersedes § 3.1201(d).[40] The legislation enacting § 1701.062, H.B. 3017, states,

---

[35] Tex. Ins. Code § 36.001.
[36] *Id.* §§ 541.003 ("A person may not engage in this state in a trade practice that is defined in this chapter as or determined under this chapter to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance."), 541.401.
[37] *See id.* § 541.008.
[38] 35 Tex. Reg. 11259.
[39] Tex. Ins. Code § 1701.062.
[40] *Id.* § 1701.001.

> The change in law made by this Act applies only to a document or evidence of coverage that is delivered, issued for delivery, or renewed on or after January 1, 2012. A document or evidence of coverage that is delivered, issued for delivery, or renewed before January 1, 2012, is governed by the law in effect immediately before the effective date of this Act, and that law is continued in effect for that purpose.[41]

If Amendment Number 13 constitutes a new policy, § 1701.062 plainly applies and prohibits the Plan's discretionary clause. Even if Amendment Number 13 is merely an amendment, however, Subchapter M still prohibits the Plan's discretionary clause and is not invalidated by § 1701.062. For policies issued before 2012, H.B. 3017 explicitly leaves existing law in place.[42] Subchapter M became effective on December 23, 2010 and impacts policies amended after June 1, 2011.[43] Therefore Subchapter M was part of the "law in effect immediately before the effective date of" H.B. 3017 and is undisturbed by the act's passage.[44] Accordingly, the Plan's discretionary clause became void under § 3.1203 when the Plan was amended in 2014.[45]

Because the Plan's discretionary clause is not valid under Texas law, the standard of review reverts to the default for ERISA cases.[46] This Court will review the Plan administrator's interpretations of the Plan de novo.

---

[41] 2011 Tex. Gen. Laws 1354, 1354–55.

[42] *See id.*

[43] 28 Tex. Admin. Code §§ 3.1201–03.

[44] *See* 2011 Tex. Gen. Laws at 1355. H.B 3017 leaves in place the law in effect immediately before the effective date of H.B. 3017. *Id.* Whether the effective date of H.B. 3017 is June 17, 2011, when the law took effect, or January 1, 2012, the date from which documents must comply with § 1701.062, Subchapter M already existed and had taken effect. *See id.*; 28 Tex. Admin. Code § 3.1201.

[45] As further evidence that Subchapter M does not conflict with § 1701.062, the Texas Department of Insurance reviewed Subchapter M in 2017 and concluded that the reasons for adopting the rule continued to exist. *See* 42 Tex. Reg. 248 (Jan. 20, 2017).

[46] *See* Pierre v. Connecticut Gen. Life Ins. Co./Life Ins. Co. of N. Am., 932 F.2d 1552, 1556 (5th Cir. 1991).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is **GRANTED** and Defendant's Motion for Summary Judgment is **DENIED**.


New Orleans, Louisiana this 19th day of October, 2017.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**